IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -6 2009

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 09-cv-00238-BNB

CLIFFORD N. WOODS,

    Applicant,

v.

MILE ARELLANO, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant Clifford N. Woods is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Trinidad, Colorado, Correctional Facility. Mr. Woods initiated this action by submitting to the Court a *pro se* pleading, in which he appears to challenge a parole revocation proceeding. Magistrate Judge Boyd N. Boland construed the pleading as an action filed pursuant to 28 U.S.C. § 2241 and instructed Mr. Woods to file his claims on a Court-approved form used in submitting a § 2241 application to the Court. On March 5, 2009, Mr. Woods submitted his claims on a § 2241 Court-approved form. Nonetheless, two of the three claims Mr. Woods set forth in the Application challenged Mr. Woods' conviction in state court and more properly are raised in a 28 U.S.C. § 2254 action.

On March 23, 2009, Magistrate Judge Boland entered an order instructing Mr. Woods to file an Amended Application and assert only claims that challenge the execution of his sentence, because claims challenging the execution of a sentence properly are raised in a 28 U.S.C. § 2241 action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Mr. Woods filed an Amended Application, but again two of the three claims he raised more properly are asserted in a 28 U.S.C. § 2254 action. The Court subsequently entered an order dismissing the § 2254 claims and directing Respondent to file a Preliminary Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those defenses with respect to the remaining § 2241 claim. On June 9, 2009, Respondent filed a Preliminary Response. Mr. Woods filed a Reply on June 29, 2009.

The Court must construe liberally the Application and Reply filed by Mr. Woods because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

In the criminal proceeding at issue in Claim Three, 05CR1843, Mr. Woods originally pled guilty to one count of witness tampering and was sentenced to a four-year sentence that was suspended, on May 1, 2006, in favor of probation. (Prelim. Resp., App. A at 5.) On January 19, 2007, a complaint for revocation of probation was

filed against Mr. Woods. (Prelim. Resp., App. at 6.) As a result of a revocation hearing held on February 25, 2008, the state court revoked Mr. Woods' probation in 05CR1853 and sentenced him to four years of incarceration. (Prelim Resp., App. at 8.)

Although Respondent argues that Claim Three, like Claims One and Two, more properly is raised under 28 U.S.C. § 2254, the Court finds that Mr. Woods is challenging the execution of his sentence in Case No. 05CR1853, because he asserts he was denied due process at his probation revocation hearing. The release from custody that he requests, with respect to Claim Three, is not based on a challenge to his original conviction in Case No. 05CR1853, but is premised on his claim that he was not provided with a proper revocation hearing. Therefore, Claim Three is properly before this Court in a § 2241 action.

Nonetheless, based on the following, the Court agrees with Respondent that Claim Three was not properly exhausted and now is procedurally barred.

In any event, and regardless of the statutory authority for his habeas corpus claim, Mr. Woods is required to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(1); **Montez**, 208 F.3d at 866. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing

3

a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As for the two postconviction motions Mr. Woods filed with the state trial court, Respondent argues that he failed to appeal the trial court's denial of either of the motions. (Prelim. Resp. at 3.) Mr. Woods, in his Reply, fails to counter Respondent's argument. He does assert, however, that he filed a writ of habeas corpus with the Colorado Supreme Court, but he fails to assert what claims he raised in the writ. (Reply

4

at 3.) He also asserts that a writ of mandamus was denied by the state supreme court, but again fails to state the issues raised in the writ. (Reply at 3.)

With respect to the writ filed in the Colorado Supreme Court, if a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." **Castille**, 489 U.S. at 351; **see also Parkhurst v. Shillinger**, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. **See Rogers v. Best**, 171 P.2d 769, 770 (Colo. 1946). Therefore, Mr. Woods' petition for a writ of mandamus, denied on June 6, 2008, did not exhaust his state court remedies with respect to the claims he asserts in the instant action.

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. **Steele v. Young**, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." **See Hickman v. Spears**, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. **Steele**,

11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Woods' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts [ ] an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondent argues that Mr. Woods no longer has an adequate and effective state remedy available to him because the time to file a notice of appeal with regard to even the most recent order denying postconviction relief has expired. (Prelim. Resp. at 10.) Respondent further argues, citing to Colo. R. Crim. P. 35(c)(3)(VII), that any attempt to reraise the claims in the trial court would fail as successive. (Prelim. Resp.

at 10.) Mr. Woods fails to address Respondent's arguments in his Reply and to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that Claim Three is procedurally barred and must be dismissed. Based on the above findings, it is

ORDERED that Claim Three is dismissed and the action is dismissed in part as procedurally barred from federal habeas review.

DATED at Denver, Colorado, this 5 day of Aug, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00238-BNB

Clifford N. Woods
Prisoner No. 81438
Trinidad Correctional Facility
PO Box 2000
Trinidad, CO 81082

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/6/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk