IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -9 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00238-ZLW

CLIFFORD N. WOODS,

    Applicant,

v.

MIKE ARELLANO,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the *pro se* pleading titled, "Motion to Object on Dismissal," filed by Applicant Clifford N. Woods on August 20, 2009. Mr. Woods, a State of Colorado prisoner, seeks reconsideration of the August 6, 2009, Order of Dismissal that denied his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Motion liberally because Mr. Woods is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

The Court denied the Application and dismissed the action because Mr. Woods' claim challenging the denial of due process in his probation revocation hearing is procedurally barred in state court.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The August 6, 2009, Order denied the Application and dismissed the action. The instant Motion was filed on August 20, 2009. Applicant has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. Upon consideration of the entire file, the Court finds and concludes that Mr. Woods fails to demonstrate some reason why the Court should reconsider and vacate its decision to

dismiss this action. Although Mr. Woods sites to the correct law for considering whether or not an applicant has established cause for excusing a procedural default, the facts he presents do not support allowing such an excuse. Mr. Woods simply sets forth a mix of claims challenging both the validity of his conviction and the lack of due process in his probation revocation hearing. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that the Motion to Object on Dismissal (Doc. # 25) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 9 day of Sept, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00238-ZLW

Clifford N. Woods
Prisoner No. 81438
Trinidad Correctional Facility
PO Box 2000
Trinidad, CO 81082

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __9/09/09__

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk